**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ASPHALT SPECIALISTS, INC., a
Michigan corporation,

        Plaintiff,

v.

THE TRAVELERS INDEMNITY
COMPANY, a Connecticut company, THE
TRAVELERS INDEMNITY COMPANY
OF CONNECTICUT, a Connecticut
company, TRAVELERS PROPERTY
CASUALTY COMPANY OF AMERICA,
a Connecticut company, and DANIEL P.
MURPHY, an individual residing in
Michigan,

        Defendants.
_____ /

Case No. 10-cv-12291
Hon. Gerald E. Rosen
Mag. Michael Hluchaniuk

**OPINION AND ORDER DENYING
<u>PLAINTIFF'S MOTION FOR RECONSIDERATION</u>**

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on        October 22, 2010

        PRESENT:  Honorable Gerald E. Rosen
                            United States District Judge

        By opinion and order dated September 24, 2010, the Court granted Defendants Travelers' motion to transfer and transferred this action to the United States District Court for the District of Connecticut. Through the present motion, filed on October 8, 2010, Plaintiff Asphalt seeks reconsideration of certain aspects of the Court's ruling pursuant to

Eastern District of Michigan Local Rule 7.1(h) (formerly Local Rule 7.1(g)). Plaintiff contends that the Court's order contains a "palpable error" in applying the law and standards applicable to Defendants' claim of fraudulent joinder of Defendant Murphy.

The requirements for the granting of motions for reconsideration are set forth in Local Rule 7.1(h), which provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

Local Rule 7.1(h)(3), U.S. District Court, Eastern District of Michigan. A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004).

The Court has reviewed Plaintiff's motion for reconsideration in this case and finds that Plaintiff has merely presented the same issues already ruled upon by the Court in its September 24, 2010 order and cannot maintain a claim for tortious interference of a contract against Defendant Murphy.

As outlined in the Court's order, tortious interference with a contract requires (1) a contract, (2) a breach of that contract caused by the defendant, (3) instigation of the breach without justification by the defendant, and (4) proof that defendant was a third party to the contractual relationship. *Servo Kinetics, Inc. v. Tokyo Precision Instruments Co. Ltd.*, 475 F.3d 783, 800 (6th Cir. 2007); *Dzierwa v. Michigan Oil Co.*, 152 Mich.

2

App. 281, 287 (1986).

Upon reviewing the record on Defendants' motion to transfer, the Court found that Defendant Murphy's alleged statements to Daniel Israel, without any accompanying alleged *specific actions* taken by Murphy, were insufficient to provide a reasonable basis for the claim that Defendant Murphy caused a breach of the contract between Plaintiff and Defendants. In addition, the Court found that Defendants Travelers' maintenance of a high collateral requirement benefitted Defendants Travelers and was of no particular benefit to Defendant Murphy as an individual, and therefore, Defendant Murphy should not be treated as a third party. Based on this analysis, the Court concluded that Plaintiff failed to provide a reasonable basis for the second and fourth required elements in a claim for tortious interference of a contract. Therefore, the Court found that Defendant Murphy had been fraudulently joined, and complete diversity amongst the remaining parties existed, allowing the case to remain in federal court and be transferred to the United States District Court for the District of Connecticut.

In its motion for reconsideration, Plaintiff now claims that the Court misapplied the colorable basis standard in reaching its conclusion. The colorable basis test rephrased, simply asks whether or not there is a reasonable basis for Plaintiff's state law claim against Defendant Murphy. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). The Court stands by its previous analysis of the second required element in a tortious interference with a contract claim, and Plaintiff provides no authority to support the claim that Defendant Murphy's alleged verbal statements to Daniel Murphy

3

are sufficient to qualify as a reasonable basis that he caused a breach of contract.

Plaintiff also claims that the Court misapplied the colorable basis standard regarding the fourth element of a tortious interference of contract claim against Defendant Murphy. Plaintiff argues that the Court was erroneous in concluding that maintaining a high collateral requirement benefitted Defendants Travelers. Plaintiff argues that any collateral requirement above the open reserves amount of $152,046.75 provides no practical benefit to Defendants Travelers, because Defendant Travelers would only need to pay for claim amounts which exceeded the $350,000.00 deductible. The Court finds merit in this argument. Correcting this defect, however, will not lead to a different disposition of the case, because of the Court's analysis of the second required element discussed above.

Additionally, regarding the fourth element, Plaintiff still fails to meet its burden of showing that Defendant Murphy acted *"solely* for [his] own benefit . . . ." *Reed v. Michigan Metro Girl Scout Council*, 201 Mich. App. 10, 13, 506 N.W.2d 231, 233 (1993). In their response to Plaintiff's motion to remand, Defendants Travelers correctly cite Michigan court rulings holding that a defendant does not act solely for his own benefit when his alleged animosity stems from previous dealings with the plaintiff. *Reed*, 201 Mich. App. at 13; *Kelley v. Thompson-McCully Co.*, No. 236229, 2004 WL 1676760, at *7 (Mich.App. July 27, 2004); *Ritten v. Lapeer Reg'l Med. Ctr.*, 611 F. Supp. 2d 696, 732 (E.D. Mich. 2009). Although Plaintiff claims that Defendant Murphy was motivated purely by personal animosity towards Plaintiff, it is undisputed that any

4

animosity Defendant Murphy had towards Plaintiff stemmed from the fact that Plaintiff decided not to renew its insurance policy with Defendants Travelers. The termination of Plaintiff's insurance certainly qualifies as a previous dealing with Defendants. Plaintiff fails to counter this argument in any of its briefs, and the Court finds no reason to distinguish the present case from the holdings in *Reed, Kelley,* and *Ritten*. Therefore, the Court stands by its holding that Plaintiff has failed to provide factual support for the claim that Defendant Murphy should be treated as a third party to the contract.

Plaintiff's motion for reconsideration fails to demonstrate any palpable defect, which would affect the disposition of the case. In the alternative, Plaintiff requests the Court for leave to amend its complaint pursuant to Fed. R. Civ. Pro. 15(a)(2). Plaintiff supports their request to amend by again stating there is a sufficient basis and factual support for all the elements in a tortious interference of contract claim against Defendant Murphy. Plaintiff does not, however, provide a proposed amended pleading to show the Court how its previous analysis would be affected by granting the request. Therefore, the Court finds it proper to transfer the case to the United States District Court for the District of Connecticut as ordered in the September 24, 2010 opinion and order, and leaves amendment of the complaint open to be addressed by the transferee Court.

For the reasons set forth above,

IT IS HEREBY ORDERED, that Plaintiff's motion for reconsideration [Dkt # 23] is DENIED.

                s/Gerald E.Rosen
                Chief Judge, United States District Court

Dated: October 22, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 22, 2010, by electronic and/or ordinary mail.

                s/Ruth A.Gunther
                Case Manager
                (313) 234-5137